**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

DONNIE JAY QUALLS                                                                                          PLAINTIFF

V.                                           4:09CV00313 SWW/JTR

JODI AHRENS, Registered Nurse,
Ozark Counseling Service; and
LINDA PARKER, Chief Psychiatrist,
Arkansas State Hospital                                                                                    DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, who is involuntarily confined in the Arkansas State Hospital ("ASH"), has filed a *pro se* § 1983 Complaint alleging that Defendants have violated his constitutional rights. *See* docket entry #2. Pursuant to 28 U.S.C. § 1915(e)(2), the Court recommends that the case be dismissed, without prejudice, for failing to state a claim upon which relief may be granted.[1]

## II. Discussion

Plaintiff alleges that Defendants, Registered Nurse Jodi Ahrens and Dr. Linda Parker, falsely accused him of terroristic threatening, thereby causing him to be involuntarily committed to the ASH. *See* docket entry #2. By way of relief, Plaintiff seeks monetary damages and the termination of Defendants' employment. *Id.*

---

[1] Plaintiff has been granted permission to proceed *in forma pauperis,* pursuant to 28 U.S.C. § 1915(a)(1). Section 1915(e) provides that, when a plaintiff is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . .is frivolous or malicious . . . [or] fails to state a claim on which relief may be granted."

It is well settled that a § 1983 action is not the proper procedural vehicle for a patient to challenge an involuntary commitment to a mental institution. *See Preiser v. Rodriguez,* 411 U.S. 475, 490 (1973); *Shelton v. Reddy*, Case No. 00-1066, 2000 WL 949188 (8th Cir. July 11, 2000) (unpublished opinion); *Hornblad v. Olson*, 952 F.2d 1037 (8th Cir. 1992). Instead, a patient must first have his commitment invalidated by a state court or file a federal habeas action after fully exhausting his state court remedies.[2] *Id.; see also Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Only after his commitment has been invalidated can Plaintiff file a § 1983 action for monetary damages. *Id.*

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's § 1983 Complaint be DISMISSED, WITHOUT PREJUDICE, for failing to state a claim upon which relief may be granted. *See* § 1915(e)(2).

2. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken in good faith.

Dated this 5th day of May, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] *See* 28 U.S.C. § 2254(b)(1); *Echols v. Kemna*, 511 F.3d 783, 785 (8th Cir. 2007) (explaining that patient must fully exhaust all available state remedies *before* commencing a federal habeas to invalidate his commitment).